JOSEPH SAUDEK *v.* NASHVILLE AND HILLSBORO TURNPIKE COMPANY.

## October Term, 1877.

CHANCERY JURISDICTION—ACT OF 1877.—A court of chancery will not entertain jurisdiction, under the act of March 26, 1877, of a purely legal demand brought before it in the mode prescribed for the assertion of equitable rights.

*S. W. Childress*, for complainant.
*D. Campbell*, for defendant.

THE CHANCELLOR:—On demurrer. The bill avers that the complainant is the owner of three notes of the defendant, each dated May 9, 1876, and made payable to M. J. Crutcher, with whom the complainant has since intermarried, at one, two, and three years, respectively, for $764.48, with interest from date. The bill further states that the notes were given for borrowed money; that one of them is past due; that there is no property of the defendant out of which the debt can be made, except the defendant's road-bed, toll-gates, etc., and that the property cannot be

reached without the aid of this court. The bill prays that a decree be rendered in favor of complainant against defendant for the amount of the three notes, principal and interest, to be satisfied as they mature; that the turnpike, its road-bed, franchises, and fixtures be sold to pay the notes, interest and costs; or, if complainant be not entitled to such relief, that the road be put in the hands of a receiver, and the tolls applied to the payment of the debt. There is also the usual general prayer.

The bill is, it will be noticed, a regular bill in due form according to the pleading and practice of this court, asking for a decree for the amount of three notes, only one of which is due, and to subject to the satisfaction of the recovery the defendant's property, or the tolls derived therefrom. The defendant has demurred, assigning for cause that the bill shows no right on the part of the complainant, either legal or equitable, to subject the defendant's property to the payment of the complainant's claims. The bill contains no allegation that the defendant has done any act, or is in a condition, which authorizes proceedings against it in a court of equity by a person who is not a judgment-creditor. The demurrer is, therefore, obviously well taken, so far as the complainant's rights rest upon equitable principles. Two of the notes sued on are not yet due, and as to them the complainant has no legal right of action. His only right of action is on the note past due, and is strictly legal.

The very able and learned counsel of the complainant has frankly conceded that he has no equitable ground to stand on. He concedes, moreover, that his client has no right of action, either at law or in equity, upon any of his notes except the one past due at the filing of the bill, and that his right of action on this note is strictly legal. He bases his claim to a judgment on this note, in the present suit, upon the recent act of the Legislature, of March 26, 1877, entitled "An act to increase the jurisdiction of the Chancery Court."

The bill, therefore, squarely presents the question whether a court of chancery will entertain jurisdiction, under this act, of a purely legal demand brought before it in the mode prescribed for the assertion of equitable rights.

The act of March 26, 1877, contains two sections as follows :

" 1. That jurisdiction of all civil causes of action now triable in the Circuit Court, except for injuries to person, property, or character, involving unliquidated damages, is hereby conferred upon the Chancery Court, which shall have and exercise concurrent jurisdiction thereof along with the Circuit Court.

" 2. That from and after the passage of this act, no demurrer for want of jurisdiction of the cause of action shall be sustained in the Chancery Court, except in cases of unliquidated damages for injuries to person, property, or character."

The theory of the learned counsel, upon which he rests his right to a judgment on the note past due, is that the intention of the Legislature, by this act, was to enlarge the equitable jurisdiction of this court, so that a bill might be filed on any cause of action falling within the classes mentioned, and the rights of the parties determined under the forms and by the law of courts of chancery. But the act under consideration does not in terms do any thing of the kind. It does not purport to change the law by which the rights of parties are determined in the numerous classes of cases brought within the concurrent jurisdiction of the Circuit and Chancery Courts. It does not undertake to change the form in which the cases shall be brought into court, presented, and tried. The theory relied on must, therefore, be deduced from the mere fact that the Chancery Court has been clothed by the act with concurrent jurisdiction over the causes of action enumerated. There are, beyond doubt, a large number of subjects over which equity is said to have concurrent jurisdiction with the courts of

law, and this jurisdiction is exercised by equity in its own peculiar way. The causes of action under this head are, however, strictly equitable, not legal, and are only acted upon by the courts of law as incidental to their own proper jurisdiction. *Sewanee Mining Co.* v. *Best*, 3 Head, 703. The Legislature may also, no doubt, expressly confer upon either court the right to exercise jurisdiction, in its own way, over matters of the exclusive cognizance of the other court. But, ordinarily, the grant of concurrent jurisdiction over a class of litigation previously the province of one court implies the same forms and the same law. If the rights be legal, the remedies will be legal also ; if equitable, equitable. Of this we have numerous instances. The County, Circuit, and Chancery Courts have long had, by statute, concurrent jurisdiction over equitable rights, such as partition, sales of realty to pay debts, and recovery of legacies and distributive shares. They have also had concurrent jurisdiction over legal causes, such as motions for summary judgments of various kinds. In all of these cases, the form of administering rights, and the law by which they are determined, as far as the jurisdictions concur, are substantially the same in all of the courts ; if legal, according to law ; if equitable, according to equity. And it must be so, in the very nature of things. For, otherwise, the jurisdictions would not be strictly concurrent, but different. A diversity, either in form or law, would lead to the strange anomaly of the judicial determination of the same right in one court one way, and in another court another way.

If the complainant in this case had brought an action at law upon the note now due, the defendant would have pleaded to the declaration at the return term of the writ, and the cause would not have stood for trial until the next term. The defendant might have pleaded as many and as contradictory pleas as he saw proper, and not under oath. The suit having been brought in this court, under a statutory grant of concurrent jurisdiction without more, shall

the defendant be deprived of his legal right to the delay of a term before trial? Can the complainant restrict the defendant to one plea, and demand that such plea, or an answer, shall be under oath? By what law shall the issues be tried, — the law of the Circuit Court, or the law of the Chancery Court? Shall the law vary with the forum which the plaintiff may elect? The trial in one court is *viva voce;* in the other, by depositions. The remedy for the correction of errors at law is by bill of exceptions, and an appeal in the nature of a writ of error, in which the finding of the jury on the facts, or of the court sitting without a jury, is generally conclusive. *Bacon* v. *Chase* (MS.), Knoxville, September term, 1877. The remedy in equity is by appeal, or writ of error, which takes up the whole case for trial *de novo.* The judgment at law would be a lien on realty from its rendition, if affirmed on appeal, but the lien would be lost by an appeal in equity. We are asked to bring about these radical changes and startling results, not by positive legislation, but by implication. Only the plainest expression of legislative will would, it seems to me, justify such sweeping innovations on the established order of judicial proceedings and the mode of adjudicating rights. *Sheppard* v. *Johnson*, 2 Humph. 296.

I am clearly of opinion that, if the Court of Chancery has been constitutionally clothed with jurisdiction over the legal causes of action specified in the act, it must exercise that jurisdiction strictly in the mode prescribed by law for the commencement, prosecution, and trial of such rights in the Circuit Court, and by the same law. It cannot take cognizance of such causes as it does of those which fall within its jurisdiction proper. It will be time enough, when a legal cause is brought into this court and presented properly, to determine whether the act is constitutional. The demurrer must be sustained, and the bill dismissed with costs.